**Ether HUMPHREY et al., Appellants,**
v.
**STANOLIND OIL & GAS COMPANY, Appellee.**

No. 15814.

United States Court of Appeals Fifth Circuit.

May 8, 1956.

Montague S. Ross,, Nashville, Tenn., E. B. Votaw, Beaumont, Tex., for appellants.

Ewell Strong, Strong, Moore, Pipkin, Strong & Nelson, Beaumont, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal is from a judgment dismissing plaintiffs' suit with prejudice because of their failure to comply with an earlier order[1] of the court entered June 13, 1955, requiring plaintiffs, upon

[1] "On this, the 13th day of June, A.D., 1955, came on to be considered the motion of the defendant, Stanolind Oil and Gas Company, to require complainants to join as additional defendants the persons and corporations hereinafter designated, and the Court having considered such motion, and it appearing to the Court that such parties are subject to the jurisdiction of the Court as to both service of process and venue and that such persons and corporations can be made parties without depriving the court of jurisdiction of the parties before it, the Court is of the opinion that such motion should be in all things granted:

"It is accordingly Ordered, Adjudged and Decreed and the complainants are or-

the purported authority of Rule 19(b) F.R.C.P., 28 U.S.C.A., to make additional parties defendant the persons and corporations named in the order. It presents for our review the single question, whether the order of June 13th was validly and properly entered.

The matter developed below, it comes here, upon a series of pleadings, motions and orders[2] which put and kept plaintiffs off balance and finally knocked them out in a manner strongly reminiscent of the strategy and tactics successfully employed, and the results achieved by defendants, in the trial court in Loew's Inc., v. Bays, 5 Cir., 209 F.2d 610.

Appellants insist that the order directing the making of additional parties defendant is not only without precedent in statute, rule, or decision, but is contrary to, indeed in the very teeth of the invoked rule. They point out that the rule expressly and precisely imposes as a condition that the persons who may be ordered to be made parties under the rule be persons "who are not indispensable, but who ought to be parties *if complete relief is to be accorded between those already parties*" (emphasis supplied), and that neither in the motion nor in proof in support thereof is compliance with this essential condition made to appear. So pointing, they insist that under settled law, state and federal, the individuals and corporations named in the motion and order are not such persons as either should, or could, be required to be made parties.

While the language of the rule is, we think, so plain as to require no citation of authority in support of this view, Moore's Federal Practice, Vol. 3, 2nd

---

dered and directed to file within 30 days from the entry of this order an amended complaint adding and joining in this action [the persons and corporations named in the motion of the defendant to require the making of additional parties]; and complainants are further Ordered to serve upon each of said parties a summons to appear and answer as defendants to this action.

Rendered and entered this 13th day of June, A.D. 1955."

2. Set down chronologically, these were:

(1) Plaintiffs' complaint filed Feb. 3, 1955, claiming, in substantially the Texas statutory form, title and possession of the minerals underlying a part of a tract of land situated in Jefferson County, known as the William Humphrey Survey and containing approximately 4026 acres.

(2) Defendant's motion filed Feb. 25th, for more definite statement of the land claimed by plaintiffs.

(3) Defendants' answer filed March 31st, setting up a claim to approximately 2100 acres of such minerals.

(4) Defendant's motion to require complainants to join additional defendants named in the motion for the reason that that they are necessary parties defendant because they have a joint and individual interest herein with the defendant in that the individual defendants are warrantors of the title of this defendant and also own and claim interests in the minerals, and the corporation defendants hold interests in the minerals involved in this suit.

(5) A motion filed by plaintiffs on April 4, 1955, for a nonsuit and to dismiss without prejudice.

(6) An opposition thereto filed by defendant on April 12.

(7) An order of May 7, 1955, denying plaintiffs' motion.

(8) Plaintiffs' motion filed June 3 for leave to file an amended complaint reducing their claim and cause of action to the minerals underlying the exact land described by defendant in its answer, to which was appended a lengthy statement. No action was taken on this motion.

(9) On June 13, 1955, the district judge entered the order (note 1 supra) which underlies this appeal.

(10) On June 25, plaintiffs filed a request for admissions.

(11) On July 5th, defendant filed a request for a thirty day extension of time in which to answer, and the request was granted.

(12) On July 11th, plaintiffs moved to vacate the order of June 13th, directing the joinder of additional parties and on July 19th this motion was denied and overruled.

(13) On July 23, 1955, defendant, reciting the prior order of June 13th, requiring complainants to make additional parties defendant and that it had been complied with, moved under Rule 41(b) to dismiss the cause with prejudice.

(14) On Aug. 10th, the district judge on the basis of the motion and the exhibits appended thereto, entered the order here appealed from.

Ed., Sec. 1909, p. 2158, "Actions Involving Real and Other Property" is directly in point:

"In determining what parties must be before the court, two matters deserve consideration: What type of legal interest in the property is asserted, and what type of relief is demanded. Where the interest is distinct and the relief sought does not go beyond the protection of that interest, only the parties immediately involved are indispensable, and the fact that other parties may have like interests is immaterial. For example, one tenant in common may sue in ejectment in order to recover his aliquot portion of the land without joining the other tenants in common."

while in the note are cited "Chidester v. City of Newark [3 Cir.], 162 F.2d 598 and McComb v. McCormack [5 Cir.], 159 F.2d 219 (trespass to try title under Texas law)". In point also here in Greenleaf v. Safeway Trails, 2 Cir., 140 F.2d 889, 890, where, after stating, The court erred "in dismissing the action for want of jurisdiction" under rule 19 (a), the Court of Appeals for the Second Circuit went on to say:

"We do not believe that rule 19 (b) required Eastern to be made a party. *The condition of its applicability is that the absent party is a necessary party in order that complete relief may be accorded between those already parties.* See 2 Moore's Fed. Practice, Supp. 1942, p. 46, n. 1." (Emphasis supplied.)

Appellee does not cite a single case supporting its view. It concedes that the rule in Texas and in the Federal Court is that persons claiming an individual interest in land may sue and be sued without joining others so claiming. It nevertheless, without citation of authority or, as we think, any sound reason, contends here that Rule 19(b) authorized the action taken. It does not in its motion allege, it does not claim here, or if it does, it does not point to any reason for so claiming, that the defendants it seeks to have made parties are such persons as *"ought to be parties if complete relief is to be accorded between those already parties."* (emphasis supplied)

It is apparently laboring under the impression that, for action under the rule, allegations merely that it would be desirable or useful to have as many claimants in the suit as possible, providing only that their presence does not affect the jurisdiction, would suffice to support the order.

We cannot agree with this view. Indeed, we are in no doubt that the power claimed and asserted below, in effect to give to the defendant the right to compel plaintiffs to join as defendants such persons as the defendant would like to have made parties, has not been conferred and does not exist.

The order of June 13, 1955, on which the judgment appealed from rests, is invalid and may not stand. The order of August 11th, from which this appeal is taken, is accordingly Reversed and the cause is Remanded for further proceedings not inconsistent herewith.