**STRICK CORPORATION**

v.

**PENN YAN EXPRESS, INC.**

**Civ. A. No. 74–21.**

United States District Court,
E. D. Pennsylvania.
March 15, 1974.

Harold E. Kohn, Allen D. Black, Arthur Makadon, Philadelphia, Pa., for plaintiff.

Raymond A. Thistle, Jr., Philadelphia, Pa., for defendant; Herbert Burstein, New York City, of counsel.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

In the present action, plaintiff seeks additional payment for modifications in the manufacture of seventy-five trailers sold to the defendant. Jurisdiction of this Court is founded upon diversity of citizenship of the parties in a matter in which the amount in controversy is greater than $10,000.00, exclusive of interest and costs.

Before us is plaintiff's motion, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike from defendant's counterclaim allegations of fraud contained in paragraph seven and paragraphs thirteen through sixteen of defendant's counterclaim and amended counterclaim, respectively, and to eliminate the punitive damage portion of the *ad damnum* clause.

Defendant does not restrict its counterclaim to one for breach of contract. Since defendant's allegations of fraud are not immaterial to a claim sounding in tort, we do not believe it appropriate to strike that averment at this phase of the litigation. However, the counterclaim does not allege the elements of fraud with the specificity required by Rule 9(b), Federal Rules of Civil Procedure. We shall consider the motion to strike as one for a more definite statement pursuant to Rule 12(e), Federal Rules of Civil Procedure, and shall grant leave to defendant to amend his pleadings.

Although punitive damages may not be recoverable in an action for breach of contract, and while plaintiff's contentions with respect to the invalidity of defendant's demand for punitive damages ultimately may prove correct, we deem it premature at this juncture to determine that facts could not possibly be adduced which would meet the legal requirements necessary to sustain an award of punitive damages under Pennsylvania law. Therefore, we shall deny plaintiff's motion to strike this claim. However, we believe that specification of a sum certain is inappropriate before any facts are developed which would justify submitting the question of punitive damages to the jury, and therefore grant plaintiff's motion to strike that portion of the counterclaim.

If, at any subsequent stage of this litigation before trial it becomes clear from the facts developed in discovery that as a matter of law defendant could not sustain a claim for punitive damages, then plaintiff may renew its motion.