OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In so deciding, essentially for reasons stated in the opinion of the Appellate Division as well, we add the following comment: With respect to respondents’ claim that the present proceeding is barred by the doctrine of res judicata, it must be emphasized that the prior breach of contract action simply sought to "pierce the corporate veil” on the theory that the respondent Samuel Lefrak dominated and controlled the corporate nominees to carry on his personal business affairs. Although proof of fraud is relevant in such a suit it is not essential (2 Hornstein, Corporation Law & Practice, § 755; Lattin, Corporations, § 4, pp 67-68) and, in fact, was neither alleged in the complaint nor proved at trial.
This proceeding, brought pursuant to CPLR 5225 (subd [b]) to enforce the judgment that had been rendered against the corporate defendants in the first action, also did not depend on fraud. Proof of the transfers of the corporate assets without fair consideration could suffice to cast the respondents in the role of constructive trustees of the assets, which thus became reachable by the corporation’s creditors under sections 272-274 of the Debtor and Creditor Law, a statute that played no part in the earlier action.
In sum, therefore, even though successive actions have arisen out of essentially the same course of dealing, because " '[t]he requisite elements of proof and hence the evidence necessary to sustain recovery vary materially’ ” the subsequent proceeding is not precluded by res judicata (Matter of Reilly v Reid, 45 NY2d 24, 30). Moreover, given the differences in proofs and the fact that the legislatively sanctioned enforcement proceeding contemplates a pre-existing judgment, it cannot be said that the subsequent judgment in petitioner’s favor either destroyed or impaired the rights or interests established by the first action (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur; Judge Meyer taking no part.
*957 Order affirmed, with costs, in a memorandum.