Bernard **CERTILMAN**, Robert Certilman, Lee Certilman, and Steven Certilman, Individually and as Shareholders of Hardcastle, Ltd. on Behalf of Themselves and All Other Shareholders of Hardcastle, Ltd., and Bernard Certilman, Robert Certilman, Steven Certilman, & Lee Certilman, Individually, Plaintiffs,

v.

**HARDCASTLE, LTD.,** Stuart Becker, Orden Reid, William Irvin, Harry Shufrin, and James Hagadorn, Defendants.

No. CV 89–4088 (JM).

United States District Court, E.D. New York.

Jan. 24, 1991.

Certilman Balin Adler & Hyman, East Meadow, N.Y. (M. Allan Hyman, of counsel), for plaintiffs.

McDonough Marcus Cohn & Tretter, P.C., New York City (Diane K. Kanca, of counsel), for defendants Stuart Becker and Harry Shufrin.

## MEMORANDUM OF DECISION AND ORDER

MISHLER, District Judge.

Defendants Stuart Becker ("Becker") and Harry Shufrin ("Shufrin") move to dismiss the complaint pursuant to Fed.R. Civ.P. 9(b) (failure to plead fraud with particularity) and 12(b)(6) (failure to state a claim upon which relief can be granted).[1]

Plaintiffs allege that they were fraudulently induced by defendants into purchasing securities in defendant Hardcastle, Ltd. ("Hardcastle"). Plaintiffs allege various state law grounds for relief, including common law fraud and Section 352-c of the New York General Business Law (Article 23-A) (the "Martin Act"), and claim violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) ("Section 10(b)"), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962, 1964(c), (d) ("RICO").

Defendants Becker and Shufrin argue that the common law fraud, Section 10(b), and RICO claims in the complaint should be dismissed because they are not pleaded with the requisite particularity and fail to state a claim upon which relief can be granted.

## FRAUD AND SECTION 10(b) CLAIMS

Plaintiffs allege that Becker, Shufrin, and the three other named individual defendants were directors and "controlling persons" of defendant Hardcastle. (Complaint paras. 7–11, 31). Plaintiffs further allege the following:

12. In April of 1985 defendant Shufrin with the knowledge and consent and under the direction of defendants Becker, Irvine and Reid, solicited Plaintiffs, in the Eastern District of New York, by use of the mails and telephone to subscribe for stock in defendant Hardcastle.

13. Plaintiffs were advised by defendant Shufrin that the defendant Hardcastle was offering to sell shares of its common stock in $50,000 units of par-

1. Defendants also cite Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction) in the notice of motion, but do not argue this ground in their motion papers.

ticipation each of which represented 7% of the defendant Hardcastle's stock.

14. At or about the time of said solicitation, representations were made by Defendants to Plaintiffs as follows:

a) That defendant Hardcastle was in the business of providing technological integration of computer systems and software programs for its customers.

b) That defendant Hardcastle owned state of the art equipment including computer systems, optical scanners, disc converters and laser printers.

c) That defendant Hardcastle was able to convert over 500 different computer and word processing languages.

d) That defendant Hardcastle had contracts for its services and was then doing business with numerous companies including but not limited to the following:

 1. American Broadcasting Company

 2. American Express Company

 3. Bank of America

 4. Bear Sterns [sic] and Company

 5. CBS, Inc.

 6. Citicorp

 7. Dun and Bradstreet

 8. International Business Machines

 9. Merrill Lynch

 10. National Broadcasting Company

 11. New York State

 12. City of New York

 13. Xerox Corporation

 14. United States of America

e) That defendant Hardcastle had been expanding its technical capabilities in media conversion and required capital to add staff and purchase new equipment.

f) That defendant Hardcastle had embarked upon an aggressive advertising campaign to market its services.

g) That defendant Hardcastle's sales were at a level where the company was breaking even.

h) That defendant Hardcastle's business was brisk and that sales were rapidly accelerating.

i) That defendant Hardcastle had developed software to use for the Security and Exchange Commission's EDGAR project and for IRS filings.

j) That defendant Hardcastle's services were unique and there was very little competition in the market place.

15. By reason of their reliance upon the above representation of Defendant's [sic], Plaintiffs executed in July of 1985, subscription agreements in the form attached (Ex. A), promissory notes in the form attached (Ex. B) and a shareholders agreement, (Ex. C).

16. In further reliance on said representations the following Plaintiffs invested the following amounts in defendant Hardcastle Ltd. common stock: [amounts omitted]

17. Defendants failed and neglected to prepare or deliver any offering memorandum to plaintiffs prior to their investment in the common stock of defendant Hardcastle.

18. Plaintiff's relied upon the aforesaid representations made by the Defendants and were thereby induced to execute the agreements referred to in "15" above and invest the money referred to in "16" above.

19. The representations of Defendant's alleged in "14" above were materially untrue and incorrect in July of 1985....

 * * * * * *

35. The statements and representations made by Defendants Shufrin and Becker to Plaintiffs with the acquiescence and consent of all other Defendants as alleged in paragraph 14 were untrue when made, constituted material facts, and were relied upon by all Plaintiffs in violation of Sec. 10B of the Securities Act and Rule 10b–5 promulgated thereunder and Article 23a of the New York General Business Law all to Plaintiff's damage.

■ Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all aver-

ments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." The particularity standard of Rule 9(b) applies not only to a claim of common law fraud but also to a claim of securities fraud under section 10(b) of the Securities Exchange Act of 1934. *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 114 (2d Cir. 1982).

■ Rule 9(b) must be harmonized with the pleading requirement of Rule 8 that a plaintiff plead only a "short and plain" statement of the claim (Rule 8(a)) and that each averment should be "simple, concise and direct" (Rule 8(e)(1)). *Ross v. A.H. Robins Co.*, 607 F.2d 545, 557 n. 20 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d 802 (1980); *Quaknine v. MacFarlane*, 897 F.2d 75, 79 (2d Cir.1990). Rule 9(b) is designed to provide the defendant with fair notice of the plaintiff's claim to enable the defendant to prepare a defense, to protect the defendant from harm to his reputation or goodwill, and to reduce the number of strike suits. *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir.1987). The fraud allegations must be specific enough to allow the defendant "a reasonable opportunity to answer the complaint" and must give the defendant "adequate information to frame a response." *Ross*, 607 F.2d at 557–58.

■ To comply with Rule 9(b), the complaint "must allege the time, place, speaker, and sometimes even the content of the alleged misrepresentation." *Quaknine*, 897 F.2d at 79. Although scienter need not be alleged with great specificity, there must be some factual basis for conclusory allegations of intent. *Id.* at 79–80; *Goldman v. Belden*, 754 F.2d 1059, 1070 (2d Cir.1985). When there are multiple de-

fendants, the complaint "should inform each defendant of his alleged participation in the fraud." *DiVittorio*, 822 F.2d at 1247.

■ The court finds that the complaint alleges fraud with sufficient particularity to allow defendants Shufrin and Becker "a reasonable opportunity to answer the complaint" and is in compliance with requisite specificity of Rule 9(b). *Ross*, 607 F.2d at 557. Paragraphs 12 to 19 detail the circumstances surrounding the alleged misrepresentations and the content of the alleged misrepresentations. Although paragraph 14 states that the misrepresentations were made by "Defendants," paragraph 35 alleges that the statements and misrepresentations alleged in paragraph 14 were "made by Defendants Shufrin and Becker to plaintiffs with the acquiescence and consent of all other Defendants...." When read together, paragraphs 14 and 35 allege that Shufrin and Becker made the alleged misrepresentations. The complaint affords Shufrin and Becker "adequate information to frame a response." *Ross*, 607 F.2d at 558.

The court's review of the complaint does reveal, however, that it fails to allege scienter; it does not allege that the defendants knew of the falsity of the alleged misrepresentations and that defendants intended that plaintiffs rely thereon. *Murray v. Xerox Corp.*, 811 F.2d 118, 121 (2d Cir. 1987) (misrepresentation must be "known to be false" by defendant and "made for the purpose of inducing [plaintiff] to rely on it"). Although scienter need not be alleged with great specifity and there need only be "some factual basis for conclusory allegations of intent", *Quaknine*, 897 F.2d at 79–80, the complaint does not even contain conclusory allegations that defendants knew of the falsity of the alleged misrepresentations and that defendants intended that plaintiffs rely upon the statements.[2]

---

**2.** In addition to the misrepresentations alleged in paragraph 14 of the complaint, plaintiffs allege that "[t]he offering materials for Defendant Hardcastle omitted to state material facts ... necessary to make the statements therein not misleading" and that "[a]ll defendants knew of

these omissions or would have known but for their reckless disregard of the truth." (Complaint paras. 33–34) However, plaintiffs inexplicably also allege there was no offering memorandum: "Defendants failed and neglected to prepare any offering memorandum to plaintiffs

We find that the fraud and Section 10(b) claims are sufficient except for the failure to allege scienter.

## RICO CLAIM

██ In order to state a claim for damages under RICO, a plaintiff must plead:

(1) that the defendant
(2) through the commission of two or more acts
(3) constituting a "pattern"
(4) of "racketeering activity"
(5) directly or indirectly invests in, or maintains an interest in, or participates in
(6) an "enterprise"
(7) the activities of which affect interstate or foreign commerce.

*Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir.1983), *cert. denied*, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984); *Town of West Hartford v. Operation Rescue*, 915 F.2d 92, 100 (2d Cir.1990).[3]

██ The plaintiff is required to allege "at least" two predicate acts of racketeering activity. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 2899, 106 L.Ed.2d 195 (1989) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 n. 14, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985)).

██ However, "proof of two acts of racketeering activity without more does not suffice to establish a RICO pattern." *United States v. Indelicato*, 865 F.2d 1370, 1381 (2d Cir.) (en banc), *cert. denied*, —— U.S. ——, 110 S.Ct. 56, 107 L.Ed.2d 24 (1989); *United States v. Long*, 917 F.2d 691, 697 (2d Cir.1990). In order to show a "pattern of racketeering activity", the plaintiff must show (1) a "relationship" between the predicate acts and (2) "that the predicates themselves amount to, or that they otherwise constitute a threat of, *con-tinuing* racketeering activity." *H.J. Inc.* 109 S.Ct. at 2900–01 (emphasis in original); *Long*, 917 F.2d at 696–97. "It is this factor of *continuity plus relationship* which combines to produce a pattern." *H.J. Inc.*, 109 S.Ct. at 2900 (emphasis in original).

██ The required "relationship" between the predicate acts is established if the acts "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* at 2901; *United States v. Simmons*, 923 F.2d 934, 951 (2d Cir.1991).

██ The relatedness of racketeering activities is not alone enough to satisfy the "pattern" element of RICO. To establish a pattern, the plaintiff must show that "the predicates themselves amount to, or that they otherwise constitute a threat of, *continuing* racketeering activity." *H.J. Inc.*, 109 S.Ct. at 2901. Although the predicates may be part of a single "scheme", the plaintiff must show continuity of the racketeering activity. *Id.* at 2898–2902; *United States v. Coiro*, 922 F.2d 1008, 1016 (2d Cir.1991). Continuity is established as follows:

"Continuity" is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition. It is, in either case, centrally a temporal concept—and particularly so in the RICO context, where what must be continuous, RICO's predicate acts or offenses, and the *relationship* these predicates must bear one to another, are distinct requirements. A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending

---

prior to their investment in the common stock of defendant Hardcastle." (*Id.* para. 17). In any event, plaintiffs fail to allege scienter with regard to the alleged misrepresentations of paragraph 14.

**3.** Where, as here, the RICO claim is based on a predicate act of fraud, the factual basis establishing the elements of the predicate act must comport with the specificity required by Fed.R. Civ.P. 9(b). *Beck v. Manufacturer's Hanover Trust Co.*, 820 F.2d 46, 49–50 (2d Cir.1987), *cert. denied*, 484 U.S. 1005, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988); *O'Brien v. National Property Analysts Partners*, 719 F.Supp. 222, 225 n. 5 (S.D.N.Y.1989).

over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct. Often a RICO action will be brought before continuity can be established in this way. In such cases, liability depends on whether the *threat* of continuity is demonstrated.

*H.J. Inc.*, 109 S.Ct. at 2902 (citations omitted).

 In their attempt to state a RICO claim, plaintiffs allege:

36. Plaintiffs incorporate by reference all previous allegations.

37. All Defendants agreed and conspired with each other to run Defendant Hardcastle through a pattern of racketeering activity and have thereby violated Section 1962(d) of RICO, and have caused Plaintiffs to suffer damages as a result of that violation.

(Complaint paras. 36–37).

Plaintiffs have failed to allege at least two predicate acts.[4] Plaintiffs have not adequately alleged that defendants' acts constituted a "pattern" of racketeering activity. They have not adequately alleged a *relationship* between predicate acts, and that the acts themselves amount to, or that they otherwise constitute a threat of *continuing* racketeering activity. *H.J. Inc.*, 109 S.Ct. at 2900–01; *Long*, 917 F.2d at 696–97. Plaintiffs merely incorporate the securities fraud claim allegations and then recite in a conclusory fashion the language of the RICO statute. The complaint fails to state a RICO cause of action.

The RICO claim is hereby dismissed.

## MARTIN ACT CLAIM

The New York Court of Appeals has held that no private right of action lies under the Martin Act, N.Y.Gen.Bus.Law § 352–c. *CPC Int'l v. McKesson Corp.*, 70 N.Y.2d 268, 519 N.Y.S.2d 804, 807, 514 N.E.2d 116, 119 (1987). *See Cohen v. Prudential–*

*Bache Securities, Inc.*, 713 F.Supp. 653, 664 (S.D.N.Y.1989); *Apex Oil Co. v. DiMauro*, 713 F.Supp. 587, 607–08 (S.D.N.Y. 1989). Accordingly, plaintiffs' claim under the Martin Act is hereby dismissed.

## ORDER

The fraud, Section 10(b), and RICO claims are dismissed with leave to replead within thirty (30) days from date.

The Martin Act claim is dismissed with prejudice.

SO ORDERED.

---

**4.** At most, plaintiffs have alleged the lone predicate act of securities fraud (though the necessary scienter element is lacking, as discussed above).