In re J. BARANELLO & SONS, INC., Debtor.

J. BARANELLO & SONS, INC., Plaintiff,

v.

George BAHARESTANI and Franklin Baharestani, Defendants.

Bankruptcy No. 890–80299–20.
Adv. No. 891–8068–20.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

Nov. 30, 1992.

Hogan, Jones & Parisi, P.C., Mineola, NY, for the debtor/plaintiff.

Michael Cook, New York City, for defendants.

## DECISION AND ORDER ON MOTION FOR NONCORE DECLARATION AND DISMISSAL

ROBERT JOHN HALL, Bankruptcy Judge.

### PRELIMINARY STATEMENT

This matter comes before the Court upon a motion ("Motion") by J. BARANELLO & SONS, INC., the above-captioned plaintiff ("Plaintiff" and sometimes, the "Debtor") for an order of the Court determining that the above-captioned adversary proceeding ("Adversary Proceeding") is a core proceeding and striking the affirmative defense of GEORGE BAHARESTANI and FRANKLIN BAHARESTANI, the above-captioned defendants ("Defendants"), in which the Defendants assert that the Adversary Proceeding is not a core proceeding and should be dismissed. Defendants have cross-moved ("Cross-motion") for an order

dismissing the Adversary Proceeding (i) for failure to state a cause of action, (ii) for Plaintiff's failure to join necessary persons, and (iii) on the ground that it is not a core proceeding.

The Court has jurisdiction over the Motion and Cross-motion pursuant to section 157(a)(b)(3) of title 28, United States Code ("title 28") and the order of referral of matters to the bankruptcy judges by the District Court for the Eastern District of New York (Weinstein, C.J.) (1986).

For the reasons set forth below, the Court makes the following holdings. The Adversary Proceeding is a NONCORE proceeding. The Court will hear the Adversary Proceeding and submit proposed findings of fact and conclusions of law to the District Court for the Eastern District of New York. Accordingly, that part of the Plaintiff's Motion which seeks a determination that the Adversary Proceeding is core is DENIED; and that part of the Defendants' Cross-motion which requests that the Court determine that the Adversary Proceeding is noncore is GRANTED. Also, the Defendants' Cross-motion for dismissal of the Adversary Proceeding for (i) failure to state a cause of action, and (ii) Plaintiff's failure to join certain persons, is DENIED.

### FACTS

From the Court's files and all papers submitted in support and in opposition to the Motion and Cross-motion, the Court makes the following findings of fact.

#### Procedural Background

The Plaintiff is a New York corporation which filed a voluntary petition for bankruptcy protection under chapter 11 of title 11, United States Code ("title 11" and sometimes, the "Bankruptcy Code") on or about February 8, 1990. On or about March 13, 1991, the Plaintiff commenced the Adversary Proceedings against the Defendants. Pursuant to the Adversary Proceeding, the Plaintiff seeks to pierce the corporate veil of 72nd Associates, Inc. ("72nd Associates"), a corporation against which the Plaintiff holds a judgment ("Judgment"), and to be permitted to enforce the Judgment against the personal

assets of the Defendants, who are stockholders of 72nd Associates.

The Defendants' answer alleges, as an affirmative defense ("Affirmative Defense"), that the Court is without jurisdiction since the Adversary Proceeding is not a core proceeding as that term is defined in section 157(b)(2)[1] of title 28.

By notice of motion dated May 24, 1991, the Plaintiff commenced its Motion for an order determining that the Adversary Proceeding is a core proceeding and striking the Defendants' Affirmative Defense. On June 18, 1991, the Court held a hearing upon the Motion. Because the Defendants failed to appear before the Court on the Motion, and to file or serve any opposition to the Motion, the Court granted the Plaintiff's Motion on default by order dated July 25, 1991 ("Default Order"). Thereafter, the Defendants moved for an order vacating the Default Order by notice of motion dated August 12, 1991. For sufficient cause, the Court vacated the Default Order and ordered that Plaintiff's Motion be heard on October 22, 1991, by order dated October 8, 1991. By notice of motion dated October 11, 1991, the Defendants commenced their Cross-motion, also to be heard on October 22, 1991. At the request of the parties' attorneys, the Motion and Cross-motion were marked submitted and no hearing was held before the Court.

Relevant Undisputed Facts

The Plaintiff, a general contractor, was retained in or about 1985 by 72nd Associates to erect a structure on 72nd Avenue in Queens, New York. Due to a dispute between the Plaintiff and 72nd Associates, a claim for damages was submitted to an arbitrator who issued an award in favor of the Plaintiff. On September 29, 1987, the arbitration award was confirmed in the Judgment entered by the Supreme Court of the State of New York, County of Queens, in an action entitled *In re Arbitration Award Between J. Baranello & Sons, Inc. v. 72nd Assocs., Inc.* (Index No. 6311/87). The Plaintiff alleges that the Judgment against 72nd Associates has never been satisfied but this allegation is specifically denied by the Defendants.

The Defendants have admitted that together they own 100% of the outstanding shares of stock of 72nd Associates. Fed. R.Civ.P. 8(d) ("Averments in a pleading to which a responsive pleading is required ... are admitted when not denied in the responsive pleading.").

The Plaintiff furthermore makes the following allegations, all of which are denied by the Defendants. The Defendants "in creating, organizing, managing, controlling and operating [72nd Associates] inadequately capitalize[d] said corporation in that they never tended consideration in return for the issuance of stock and never properly funded said corporation." Complaint at 4. Defendants operated 72nd Associates with total disregard for the corporate entity and failed to employ the formalities generally associated with corporate existence, such as the issuance of stock and the maintenance of separate corporate records. *Id.* The Defendants, as sole officers, shareholders and/or directors of 72nd Associates, made personal use of funds which belonged to said corporation. *Id.* The Defendants formed, created, incorporated and operated 72nd Associates solely to perpetrate a fraud against the Plaintiff in that they permitted and operated 72nd Associates as a mere shell which was never operated as a separate legal entity. *Id.* The Defendants acted with the intent to advance their own personal interest with a complete disregard for the interest of 72nd Associates. *Id.* at 5. The operation of 72nd Associates was as an alter ego of the Defendants. *Id.* Due to the disregard of the corporate existence of 72nd Associates and its operation as a mere shell and/or alter ego of the Defendants' own identities, the Defendants are the parties upon whom the Plaintiff conferred a benefit in the amount of $199,784. *Id.* In disregarding the corporate existence of 72nd Associates, the Defendants are personally liable for the satisfaction of the Judgment entered in this amount, in addition to interest, costs and disbursements. *Id.* at 5–6.

1. Fully set forth *infra* at note 3.

## DISCUSSION

The Court will first determine whether the Adversary Proceeding is a core proceeding [2] and the method for its disposition; the Court will then rule upon the Defendants' Cross-motion for dismissal for failure to state a cause of action and for failure to join necessary persons.

### Characteristics of Core and Noncore Proceedings

Title 28 provides the bankruptcy judge with the jurisdictional authority to hear and determine those proceedings which have been termed "core proceedings" and which arise under the Bankruptcy Code or in a case under the Bankruptcy Code. 28 U.S.C. § 157(b)(1). Core proceedings include, but are not limited to, those proceedings set forth in section 157(b)(2) [3] of title 28. Core proceedings include matters which were traditionally deemed inherently within the bankruptcy courts' jurisdiction. *E.g., Walsh v. Abrams (In re HBG Servicenter, Inc.)*, 45 B.R. 668, 671 (Bankr.E.D.N.Y.1985).

Noncore proceedings involve disputes over rights that, in distinction, have little or no relation to the Bankruptcy Code, do not arise under the federal bankruptcy law and would exist in the absence of a bankruptcy case. *E.g., Acolyte Elec. Corp. v. N.Y. (In re Acolyte Elec. Corp.)*, 69 B.R. 155, 162 (Bankr.E.D.N.Y.1986), *order aff'd*, 1987 WL 47763 (E.D.N.Y.1987); 28 U.S.C. § 157(b)(3) (A noncore proceeding does not arise under title 11 but "is otherwise related to a case under title 11".).

The Court will determine whether the Adversary Proceeding is core or noncore using the guidance provided by the United States Court of Appeals for the Second Circuit:

> The relevant inquiry is whether the nature of this adversary proceeding, rather than the state or federal basis for the claim, falls within the core of federal bankruptcy power.

*Gulf States Explor. Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.)*, 896 F.2d 1384, 1389 (2d Cir. 1990) (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir.1987); *Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.)*, 815 F.2d 165, 169 (1st Cir.1987)). *See also Pryor v. Continental Ins. Co. (In re Blue Point Carpet, Inc.)*, 86 B.R. 327, 328 (Bankr.E.D.N.Y.1988) ("to be a core proceeding, an action must have at its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environ-

**2.** The Court's authority to determine whether the Adversary Proceeding is a core proceeding is contained in section 157(b)(3) of title 28, which provides that the bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding or is a proceeding that is otherwise related to a case under title 11. 28 U.S.C. 157(b)(3).

**3.** Section 157(b)(2) states:

Core proceedings include, but are not limited to—

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceedings to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

28 U.S.C. 157(b)(2).

ment although of necessity there may be a peripheral state law involvement.") (quoting *Acolyte*, 69 B.R. at 173).

Analysis of the Adversary Proceeding

Pursuant to the Adversary Proceeding, the Plaintiff seeks to pierce the corporate veil of 72nd Associates and to hold its shareholders, the Defendants, personally liable for the Judgment. The doctrine of piercing the corporate veil was discussed by Judge Fuld, writing for the New York Court of Appeals:

> The law permits the incorporation of a business for the very purpose of enabling its proprietors to escape personal liability [*see, e.g., Bartle v. Home Owners Co-op.*, 309 N.Y. 103, 106, 127 N.E.2d 832 (1955)] but, manifestly, the privilege is not without its limits. Broadly speaking, the courts will disregard the corporate form, or, to use accepted terminology, "pierce the corporate veil", whenever necessary "to prevent fraud or to achieve equity". [*International Aircraft Trading Co. v. Manufacturers Trust Co.*, 297 N.Y. 285, 292, 79 N.E.2d 249 (1948).] In determining whether liability should be extended to reach assets beyond those belonging to the corporation, we are guided, as Judge Cardozo noted, by "general rules of agency". [*Berkey v. Third Ave. Ry. Co.*, 244 N.Y. 84, 95, 155 N.E. 58 (1926).] In other words, whenever anyone uses control of the corporation to further his own rather than the corporation's business, he will be liable for the corporation's acts "upon the principle of *respondeat superior* applicable even where the agent is a natural person". [*Rapid Tr. Subway Constr. Co. v. City of New York*, 259 N.Y. 472, 488, 182 N.E. 145 (1932).]

*Walkovszky v. Carlton*, 18 N.Y.2d 414, 417, 276 N.Y.S.2d 585, 223 N.E.2d 6 (1966).

■ The nature of the Plaintiff's claim for relief in the Adversary Proceeding is clearly founded upon state law, was created by state courts and does not "fall within the core of federal bankruptcy power." *Manville.* The general rules of agency and respondeat superior control whether a court should disregard the corporate form

and find the shareholders personally liable. *Carlton.* These are state law doctrines; thus, the Adversary Proceeding is founded upon simple state law rights. Accordingly, the adversary Proceeding requires the "adjudication of state-created private rights." *Manville*, 896 F.2d at 1389 (quoting *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71, 102 S.Ct. 2858, 2871, 73 L.Ed.2d 598 (1982) (Brennan, J.)).

The Court next examines Plaintiff's assertions that the Adversary Proceeding is core under one or more of four of the 15 enumerated examples of core proceedings found in section 157(b)(2) of title 28.

■ First, Plaintiff contends that the Adversary Proceeding is a matter concerning the administration of the Debtor's estate, a core matter pursuant to section 157(b)(2)(A). A matter concerning the administration of an estate is a matter that the bankruptcy court's adjudication of which is an integral, if not essential, part of administering the estate. *See, e.g., Ben Cooper, Inc. v. Insurance Co. of Pa. (In re Ben Cooper, Inc.)*, 896 F.2d 1394, 1400 (2d Cir.) (The adjudication of post-petition contract claims under state law is a core matter under section 157(b)(2)(A) because: "The adjudication of such claims is an essential part of administering the estate."), *cert. granted*, 497 U.S. 1023, 110 S.Ct. 3269, 111 L.Ed.2d 779, *judg't vacated*, 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *opinion and judg't reinstated by* 924 F.2d 36, 38 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991); *Manville Corp. v. Equity Sec. Holders Comm. (In re Johns–Manville Corp.)*, 801 F.2d 60, 63–64 (2d Cir.1986) (matter in question is core proceeding "since it will likely affect the administration of the estate"); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 139 B.R. 785, 787–88 (S.D.N.Y.1992) (recovery proceeding is core proceeding where funds recovered "could do nothing but affect the administration and liquidation of the estate" or "are inextricably linked to the liquidation of the estate") (quoting *Silverman v. U.W. Marx,*

**26**

*Inc. (In re Leco Enters., Inc.),* 125 B.R. 385, 389–90 (S.D.N.Y.1991)).

The adjudication of the Adversary Proceeding is neither integral nor essential to the Court's administration of the Debtor's estate. Plaintiff's statements to this effect are not persuasive. Indeed, with the benefit of hindsight, the Court notes that a hearing upon confirmation of the Debtor's chapter 11 plan of reorganization has been conducted and that confirmation of the plan is presently in the final stages. The Court cannot in good faith hold, therefore, that our adjudication of the Adversary Proceeding is a matter concerning the administration of the Debtor's estate.

Second, the Plaintiff alleges that the Adversary Proceeding is a core matter as a proceeding involving the estimation of claims or interests for the purposes of confirming a plan of reorganization. These are core proceedings pursuant to section 157(b)(2)(B). The Plaintiff is not, however, seeking an estimation of a claim or an interest; rather, the Plaintiff is litigating its *right* to enforce the Judgment against the personal assets of the shareholders of 72nd Associates. The Court holds, therefore, that the Adversary Proceeding is not a core proceeding under section 157(b)(2)(B) as involving the estimation of a claim or an interest for the purposes of confirming a plan of reorganization.

Third, Plaintiff alleges that this is a core proceeding because it encompasses a turnover of property of the Debtor's estate, a core proceeding under section 157(b)(2)(E) ("orders to turn over property of the estate"). But the characterization of a proceeding as a "turnover" proceeding is not dispositive of whether the proceeding is core. *F & L Plumbing and Heating Co. v. New York Univ. (In re F & L Plumbing and Heating Co.),* 114 B.R. 370 (E.D.N.Y. 1990). A proceeding is core under section 157(b)(2)(E) where the proceeding is focused upon a turnover of property that indisputably belongs to the estate, is matured, and is payable on demand or on order, rather than upon a turnover of property in which the estate has rights *if* the estate prevails. *F & L Plumbing,* 114 B.R.

at 376; *Kenston Mgt. Co. v. Lisa Realty Co. (In re Kenston Mgt. Co.),* 137 B.R. 100, 107 (Bankr.E.D.N.Y.1992); *In re J.T. Moran Finan. Corp.,* 124 B.R. 931 (S.D.N.Y. 1991); *In re National Enters., Inc.,* 128 B.R. 956 (E.D.Va.1991). Because the amount of the Judgment, as well as the Debtor's right to enforce the Judgment against the personal assets of the Defendants, is disputed, the Adversary Proceeding is neither a turnover nor a core proceeding under section 157(b)(2)(E).

Fourth, and finally, the Plaintiff asserts that the Adversary Proceeding is core under the "catchall" item in the list of core proceedings, which designates as core "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship." 28 U.S.C. § 157(b)(2)(O). The liquidation of the Debtor's assets will not be affected by the Debtor's recovery from the Defendants, except that the estate may have more assets available for distribution. Subsection (O) does not render a proceeding core merely because the resolution of the action may result in more, or less, assets in the estate. *E.g., Mohawk Indus., Inc. v. Robinson Indus., Inc.,* 46 B.R. 464, 465–66 (D.Mass.1985). Thus, the Adversary Proceeding is not a proceeding which affects the liquidation of the assets of the estate. Moreover, since the Defendants are not creditors of the Debtor's estate, adjudication of the Adversary Proceeding will not affect the adjustment of the Debtor-creditor relationship. Accordingly, the Court holds that the Adversary Proceeding is not a core proceeding under subsection (O).

Because the federal bankruptcy power is in no way required for the adjudication of the Adversary Proceeding, and the claim for relief alleged therein clearly does not arise under title 11 nor falls within any of the listed core proceedings in section 157(b)(2), the Court holds that it is a non-core proceeding.

## DISPOSITION

Although our holding is that the Adversary Proceeding is not a core pro-

ceeding, dismissal, for lack of jurisdiction or otherwise, is inappropriate. Section 157(c)(1), which governs the adjudication of noncore proceedings, provides:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1). *E.g., Shugrue v. Air Line Pilots Assoc. Intern'l (In re Ionosphere Clubs, Inc.),* 922 F.2d 984, 994 (2d Cir.1990) ("a bankruptcy court can hear non-core proceedings if they are related to the bankruptcy case and the bankruptcy court submits proposed findings of fact and conclusions of law for review by the district court.") (citing section 157(c)(1)), *cert. denied,* — U.S. —, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991). The Court holds that the Adversary Proceeding is otherwise related to the Debtor's case under title 11. *See, e.g., In re S & S 31 Flavors, Inc.,* 118 B.R. 202, 204 (Bankr.E.D.N.Y.1990) ("a proceeding is 'related to' a bankruptcy proceeding when the outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.") (citations omitted). Our adjudication of the Adversary Proceeding begins the final round of the Debtor's chapter 11 case. Accordingly, the Court will submit its proposed findings of fact and conclusions of law to the District Court of the Eastern District of New York.

### REMAINDER OF DEFENDANTS' CROSS-MOTION

The Defendants have also moved for an order of the Court dismissing the Adversary Proceeding for Plaintiff's failure to state a cause of action, and for failure to join necessary persons. The Court will not discuss and rule upon these two prongs of the Cross-motion.

### Failure to State a Cause of Action

 A cause of action under the Federal Rules of Civil Procedure ("Federal Rules") is simply a pleading which sets forth a claim for relief. Fed.R.Civ.P. 8(a). Federal Rule 8(a), made applicable to the Adversary Proceeding by Bankruptcy Rule 7008(a), sets forth the minimum requirements in stating a claim for relief:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed.R.Civ.P. 8(a). A pleading purporting to set forth a claim for relief but which fails to include one or more of the three elements of Federal Rule 8(a) is deficient and can be struck. The Plaintiff's pleading has not failed to set forth an element, however. The grounds for jurisdiction, though technically incorrect, was alleged; a claim, alleging entitlement, has been set forth; and a demand for judgment for the relief the Plaintiff seeks was made. Therefore, under Federal Rule 8(a), the Plaintiff has not failed to state a claim for relief (or a cause of action).[4]

---

4. *Cf. Walkovszky v. Carlton,* 18 N.Y.2d 414, 276 N.Y.S.2d 585, 223 N.E.2d 6(1966). In *Carlton,* the New York Court of Appeals dismissed a complaint in which the plaintiff sought to pierce a corporate veil and reach the personal assets of the shareholders. Judge Fuld's opinion stated why the complaint was insufficient:

> [The complaint] is barren of any "sufficiently particularized statements" [citations omitted] that the defendant Carlton and his associates are actually doing business in their individual capacities, shuttling their personal funds in and out of the corporations "without regard to

formality and to suit their immediate convenience" [quoting *Weisser v. Mursam Shoe Corp.* 127 F.2d 344, 345 (2d Cir.1942)]. Such a "perversion of the privilege to do business in a corporate form" [quoting *Berkey v. Third Ave. Ry. Co.,* 244 N.Y. 84, 95, 155 N.E. 58 (1926)] would justify imposing personal liability on the individual stockholders [citing *African Metals Corp. v. Bullowa,* 288 N.Y. 78, 41 N.E.2d 466 (1942)]. Nothing of the sort has in fact been charged....

*Id.,* 18 N.Y.2d at 420, 276 N.Y.S.2d 585, 223 N.E.2d 6; *see Brunswick Corp. v. Waxman,* 459

As part of this prong of the Cross-motion for failure to state a cause of action, the Defendants also contend that the Complaint is deficient and must be struck since it lacks the particularity required where special matters, such as fraud, are plead.

■ Before analyzing whether the Complaint lacks the requisite particularity, the Court notes the distinction between a failure to state a claim for relief and a pleading that alleges fraud with insufficient particularity. As discussed, the Court holds that the Complaint states a claim for relief. Thus, if the Complaint nevertheless lacks particularity, the Defendants' motion to dismiss would be treated as a motion for a more definite statement. Where a complaint fails to allege fraud with particularity but adequately describes the nature of the allegations and the harm suffered by the plaintiff, a motion to dismiss should be treated as a motion for a more definite statement. *DuSesoi v. United Refining Co.*, 540 F.Supp. 1260 (W.D.Pa.1982); *Strick Corp. v. Penn Yan Exp., Inc.* 62 F.R.D. 4 (E.D.Pa.1974); *see American Foods v. Dezauche*, 74 F.Supp. 681 (W.D.N.Y.1947) (motion to strike paragraphs for lack of particularity denied where cause of action stated though pleading was insufficient for lack of particularity).

The requirement that fraud be plead with particularity is found in Federal Rule 9(b), which is made applicable to the Adversary Proceeding by Bankruptcy Rule 7009. Federal Rule 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed.R.Civ.P. 9(b).

The averment of fraud to which the Defendants speak is contained in the Complaint in which the Plaintiff alleges that the Defendants "formed, created, incorporated and operated [72nd Associates] solely to perpetrate a fraud against the general public and, more specifically, against the petitioner in that they permitted and operated said corporation as a mere shell which was never operated as a separate legal entity." Plaintiff's Complaint at 4.

■ The Court holds that Plaintiff's averment of "fraud against the general public ..." is sufficient and need not be struck for lack of particularity. Several reasons support our finding and follow.

The averment of fraud, though relevant, is not a necessary element of an action to pierce a corporate veil. *E.g., Julien J. Studley, Inc. v. Lefrak*, 48 N.Y.2d 954, 956, 425 N.Y.S.2d 65, 401 N.E.2d 187 (1979); *Brunswick Corp. v. Waxman*, 459 F.Supp. 1222, 1230 (E.D.N.Y.1978) ("Fraud or other wrongful purpose is not a necessary element."), *aff'd*, 599 F.2d 34 (2d Cir.1979); *Schattner v. Girard, Inc.*, 668 F.2d 1366 (D.C.Cir.1981); *International Union of Operating Engs. v. Linesville Const. Co.*, 457 Pa. 220, 322 A.2d 353 (1974); *Colman v. Colman*, 743 P.2d 782 (Utah App.1987). Therefore, the failure to aver fraud with particularity cannot be fatal to Plaintiff's claim for relief.

■ The Court is cognizant that the type of fraud that is alleged is presumably not easily plead with specificity. If the fraud alleged were based upon a material misrepresentation(s), the pleadings would be required to include the specific time, place, speaker, and often the content of alleged misrepresentation. *First City Nat. Bank and Tr. Co. v. Federal Dep. Ins. Co.*, 730 F.Supp. 501 (E.D.N.Y.1990); *Sendar Co. v. Megaware Inc.*, 705 F.Supp. 159 (S.D.N.Y.1989). But where, as in the Plaintiff's Complaint, the fraud alleged is not based upon express misrepresentations, none can be required. Plaintiff's allegation of fraud is founded upon a misuse of the corporate structure. Plaintiff's allegation is that the Defendants' misuse of their corporation resulted in a fraud on the pub-

---

F.Supp. 1222, 1231 (E.D.N.Y.1978) (identical quotation), *aff'd*, 599 F.2d 34 (2d Cir.1979). Because the allegations made by the Plaintiff herein, (*see supra* Relevant Undisputed Facts at 3),

are the very allegations for which the New York Court of Appeals was looking in *Carlton*, the Court holds that a claim for relief has been stated.

lic with whom the Defendants dealt, because they were mislead into believing that they were dealing with a corporation. Since this type of fraud can occur without any express fraudulent misrepresentation(s), the Court considers it imprudent to require that one be alleged.

Plaintiff's pleading is required to afford the Defendants with fair notice of its claim and the factual ground upon which it is based. *Ross v. Bolton,* 904 F.2d 819 (2d Cir.1990); *Cowen & Co. v. Merriam,* 745 F.Supp. 925 (S.D.N.Y.1990). The Court holds that the Complaint sufficiently provides the Defendants with fair notice of its claim, a reasonable opportunity to answer and adequate information with which to frame their responses. *Certilman v. Hardcastle, Ltd.,* 754 F.Supp. 974 (E.D.N.Y.1991). The Complaint is straightforward. The fraud that is alleged is the maintenance of a corporation in the absence of the requisite formalities and as an agent and alter ego for the shareholders. The claim is that the Plaintiff was damaged by this corporate governance. The Defendants cannot persuasively allege that these contentions do not put them on fair notice. Moreover, the course of conduct alleged purportedly and necessarily continued for some time, as distinguished from occurring in one or several incidents. Where the conduct complained of occurs over an extended period of time, the requirement for particularity of fraudulent allegations is lessened. *In re Olympia Brewing Co. Sec. Litigation,* 674 F.Supp. 597 (N.D.Ill. 1987); *Bale v. Dean Witter Reynolds, Inc.,* 627 F.Supp. 650 (D.Minn.1986).

Also, if the allegations be untrue, presumably they may be easily refuted. The Defendants' corporate governance of 72nd Associates is at question. Defendants' counsel have the duty to make reasonable inquiry into the bases in fact and in law for their responsive pleadings which allege that the lack of particularity denies the Defendants the ability to formulate an adequate response. Fed.R.Civ.P. 11 (made applicable herein by Fed.R.Bankr.P. 7011). A good faith examination of the Complaint easily uncovers that which the Plaintiff is alleging, Defendants' Cross-motion notwithstanding.

Also, to the extent that the Plaintiff alleges that the Defendants acted with an intent to abuse the corporate entity for their own benefit, or that such abuse was accomplished knowingly, the allegations may be averred generally. Fed.R.Civ.P. 8(b).

Finally, Federal Rule 9(b) does not require that the Plaintiff complete its discovery before submitting its pleading. *E.g., Frymire v. Peat, Marwick, Mitchell & Co.,* 657 F.Supp. 889 (N.D.Ill.1987); *In re King's Place, Inc.,* 6 B.R. 305 (Bankr. E.D.Pa.1980) (under Federal Rules, specific details of fraud are left to discovery). The limited investigation available to the Plaintiff at this stage of the proceeding is appropriately considered by the Court. We hold that the Complaint contains sufficient detail for a pre-discovery pleading.

For the above reasons, the Court holds that the Complaint does not contain averments of fraud without the requisite specificity.

Necessary Parties

The final prong of the Defendants' Cross-motion seeks dismissal of the Complaint for Plaintiff's failure to join two allegedly necessary entities. The two entities are 72nd Associates, the corporation allegedly misused by the Defendants and against which the Plaintiff holds the Judgment, and Dovin Construction Co., Inc. ("Dovin"), a party to the arbitration proceeding between the Plaintiff and 72nd Associates that received $16,000 and $2,000 arbitration awards against the Debtor and 72nd Associates respectively. The Court next determines whether either or both of these entities must be joined.

Whether a person is necessary for the just adjudication of an action is governed by Federal Rule 19(a), made applicable herein by Bankruptcy Rule 7019. Federal Rule 19(a) provides:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be

joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Fed.R.Civ.P. 19(a).

■ Federal Rule 19 requires a court to determine whether the absent person(s) is necessary for the Court to accord complete relief to those already parties.[5] Fed. R.Civ.P. 19(a); *Greenleaf v. Safeway Trails*, 140 F.2d 889, 890 (2d Cir.) ("The condition of [Rule 19's] applicability is that the absent party is a necessary party in order that complete relief may be accorded between those already parties.") (citations omitted), *cert. denied*, 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed. 1569 (1944); *see Provident Tradesmens Bk. & Tr. Co. v. Patterson*, 390 U.S. 102, 124–26 & n. 22, 88 S.Ct. 733, 745–47 & n. 22, 19 L.Ed.2d 936 (1968) (citing *Kroese v. General Steel Castings Corp.*, 179 F.2d 760 (3d Cir.), *cert. denied*, 339 U.S. 983, 70 S.Ct. 1026, 94 L.Ed. 1386 (1950)); *Richmond Lace Works, Inc. v. Epstein*, 31 F.R.D. 150, 152 (S.D.N.Y.1962). The Court holds that complete relief can be accorded to the parties herein without joining 72nd Associates or Dovin as parties. Our reasoning follows.[6]

■ If the Defendants prevail, the Court's holding will be that the corporate doctrine of limited personal liability will endure and the personal assets of the De-

---

**5.** Defendants' counsel states that the Federal Rules leave joinder to the local state rules. Aff. of Michael Cook dated October 11, 1991, p. 11. No authority for this proposition was given nor, apparently, was any sought; the overwhelming majority of cases construing Federal Rule 19 holds that the question of joinder is governed by federal law. *See generally* 28 U.S.C.A. R. 19 nn. 7–8, 11 at 128–131 (1992) (case annotations stating proposition). The Court is both bound by the applicable controlling cases and agrees with the vast majority of cases and holds that the application of Federal Rule 19 and the question of joinder of a necessary person is a procedural matter governed by federal law. *Provident Tradesmens Bk. & Tr. Co. v. Patterson*, 390 U.S. 102, 124–26 & n. 22, 88 S.Ct. 733, 745–47 & n. 22, 19 L.Ed.2d 936 (1968) ("the ultimate question whether ... a federal court may proceed without [a nonparty] is a federal matter.") (citing *Kroese v. General Steel Castings Corp.*, 179 F.2d 760 (3d Cir.), *cert. denied*, 339 U.S. 983, 70 S.Ct. 1026, 94 L.Ed. 1386 (1950); *Richmond Lace Works, Inc. v. Epstein*, 31 F.R.D. 150, 152 (S.D.N.Y.1962)); *see, e.g., Resnik v. La Paz Guest Ranch*, 289 F.2d 814 (9th Cir.1961); *Cowling v. Deep Vein Coal Co.*, 183 F.2d 652 (7th Cir.1950); *Fremon v. W.A. Sheaffer Pen Co.*, 111 F.Supp. 39 (S.D.Iowa 1953), *aff'd*, 209 F.2d 627 (8th Cir. 1954). Federal opinions govern the analysis above, therefore.

**6.** The Court's reasoning does not utilize one principle which the Supreme Court and the Second Circuit Court of Appeals have enunciated, which is that one of several obligors, bound jointly, or bound jointly and severally, is not a necessary party to an action against the others. *Greanleaf*, 140 F.2d at 890 (citing *Camp v. Gress*, 250 U.S. 308, 316, 39 S.Ct. 478, 481, 63 L.Ed. 997 (1919); *Clearwater v. Meredith*, 62 U.S. (21 How.) 489, 16 L.Ed. 201 (1858)). *Accord Tehran–Berkeley Civ. and Environ'l Engs. v. Tippetts–Abbett–McCarthy–Stratton*, 888 F.2d 239, 243 (2d Cir.1989) ("We have construed Fed. R.Civ.P. 19 as not mandating the joinder of joint obligors.") (citations omitted); *Humphrey v. Stanolind Oil & Gas Co.*, 232 F.2d 925, 926–27 (5th Cir.1956); *Brackin Tie, Lumber and Chip Co. v. McLarty Farms, Inc.*, 95 F.R.D. 328, 329–32 (S.D.Ga.1982) ("this Court accepts the majority viewpoint and finds that joint obligors are not indispensable parties to a suit based on breach of contract"), *aff'd*, 704 F.2d 585 (11th Cir.1983). Our rationale is that the Adversary Proceeding is not an action against one of several jointly or jointly and severally liable obligors for satisfaction of an obligation. Rather, it is an action simply to determine whether the personal assets of the Defendants should be available for satisfaction of the Judgment due to the Defendants' alleged improper manipulation of their corporation.

fendants will not be available to satisfy the Judgment. Whether or not 72nd Associates or Dovin are parties will not affect the Court's ability to grant this relief. If, alternatively, the Plaintiff prevails, the Court's holding will be that the corporate form will properly be disregarded and the Defendants' personal assets will be available for satisfaction of the Judgment against 72nd Associates. Again, whether 72nd Associates or Dovin are parties to the Adversary Proceeding will not affect the Court's ability to grant this relief. Finally, the interests of 72nd Associates and Dovin are unrelated to the Defendants' personal assets. Since complete relief can be accorded to the parties herein, regardless of the victor, the Court holds that neither 72nd Associates nor Dovin need be joined under Federal Rule 19 as persons necessary for the just adjudication of the Adversary Proceeding.

Accordingly, the Plaintiff's Motion for a declaration that the Adversary Proceeding is a core proceeding and striking the Defendants' affirmative defense is DENIED; Defendants' Cross-motion for a declaration that the Adversary Proceeding is a noncore proceeding is GRANTED; and the Defendants' Cross-motion for (i) dismissal of the Adversary Proceeding for failure to state a cause of action, and (ii) dismissal of the Adversary Proceeding for Plaintiff's failure to join certain persons, is DENIED.

A pre-trial conference before the Court (1635 Privado Road/Westbury, New York/Room 205) is hereby re-scheduled for March 2, 1993 at 9:30 a.m., or as soon thereafter as counsel may be heard.

SO ORDERED.