JOHN W. PECK, Senior Circuit Judge.
 

 On March 22, 1982 defendant-appellant Emmett J. Foster paid $400,000 to Southern Industrial Banking Corporation (SIBC) for four investment Certificate Securities (Certificates). These Certificates were scheduled to mature on March 22, 1983, with accrued interest of $66,000. On February 4, 1983 Foster took out a $470,000 loan from SIBC, executing a promissory note (Note) to SIBC for $480,956.02 (principal plus interest and service charges), with the Certificates held as collateral. The Note was scheduled to be due on March 22, 1983, the same date that the Certificates were to mature. On March 10, 1983 SIBC filed a voluntary Chapter 11 petition in bankruptcy.
 

 On May 21, 1984 the Liquidating Trustee for SIBC, Thomas DuVoisin, instituted an adversary proceeding against Foster, seeking to avoid SIBC's transfer of the proceeds of the Note to Foster as a preferential transfer under 11 U.S.C. § 547(b) of the Bankruptcy Code. The Bank of Commerce (BOC) subsequently filed a motion to intervene in the adversary proceeding to enforce the Note, having been assigned the Note in SIBC’s Modified Plan of Reorganization.
 

 Foster asserted as defenses to both the original complaint and BOC’s intervening complaint that the transfer of money from SIBC to Foster was not a preferential transfer and that Foster was entitled to set off the matured value of the Certificates against the Note according to 11 U.S.C. § 553(a). The bankruptcy court held that the transfer of money from SIBC to Foster was not a voidable preferential transfer and that BOC, as holder of the Note, should recover the principal amount of the Note plus interest from Foster. The bankruptcy court therefore denied Foster’s right to use the Certificates as a setoff against the amount owed. Foster appealed to the district court, claiming that the bankruptcy court acted outside its jurisdiction in adjudicating the dispute and that the court had erred in determining that Foster was not entitled to use the Certificates as a setoff against the amount owed the inter-venor BOC. The district court found that the bankruptcy court had jurisdiction because the dispute between Foster and BOC was a core proceeding and affirmed the bankruptcy court’s decision as to Foster’s right of setoff.
 

 In this appeal appellant Emmett Foster has claimed that the bankruptcy court, 48 B.R. 306, acted outside its jurisdiction in adjudicating the dispute between Foster and th<> Bank of Commerce because the
 
 *331
 
 dispute is neither a core proceeding in which a bankruptcy court may enter a final judgment nor a related proceeding which a bankruptcy court may hear. We disagree.
 

 The district court found that the instant case was a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) over which the bankruptcy court properly had jurisdiction. We reach the same result as the district court in finding jurisdiction, albeit by taking a different route. We do not find the direct effect on the liquidation of assets of the bankrupt estate or the adjustment of the debtor-creditor relationship usually found in core proceedings. We would characterize the present case as a non-core but “related” proceeding covered by 28 U.S.G. § 157(c)(2), with both parties consenting. A related proceeding with the consent of all parties functionally has the same effect as a core proceeding, permitting the bankruptcy court to entertain jurisdiction over the matter and to enter a final judgment, order, or decree.
 
 See K-Rom Construction Corp. v. Behling,
 
 46 B.R. 745, 749-50 (Bankr.S.D.N.Y. (1985)).
 

 It was the intention of Congress to extend a broad jurisdictional grant to the bankruptcy courts over all matters that arise in connection with bankruptcy cases.
 
 In re Salem Mortgage Co.,
 
 783 F.2d 626, 632-34 (6th Cir.1986). The court in
 
 In re Salem
 
 maintained that “[although situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement, we believe that a broader interpretation of the statute more closely reflects the congressional intent in adopting the new bankruptcy laws.”
 
 Id.
 
 at 634. With this as background, the facts of the present case warrant a finding of relatedness: the cause of action involving Foster and BOC arose because of a bankruptcy proceeding, the single substantive claim concerning setoff rights is based on bankruptcy law, and the debt to be set off is a debt owed Foster, not by BOC, but by the bankrupt SIBC.
 

 We also find that appellant Foster consented to jurisdiction by acknowledging the jurisdiction of the bankruptcy court several times during the proceedings. Foster’s counsel marked the order granting BOC’s Motion to Intervene “agreed for entry.” Foster also stated in his Answer to the Intervening Complaint that “[t]he defendant admits jurisdiction of the [bankruptcy] Court.” Even if express consent has not been proven, we agree with recent cases in the bankruptcy courts that have supported the notion that the absence of a timely objection to the bankruptcy court’s jurisdiction constitutes implied consent to the resolution of the controversy.
 
 See In re Energy Savings Center, Inc.,
 
 54 B.R. 100, 102 (Bankr.E.D.Pa.1985);
 
 In re Alloy Metal Wire Works, Inc., 52
 
 B.R. 39, 40 (Bankr.E.D.Pa.1985);
 
 Lombard-Wall, Inc. v. New York City Housing Development Corp.,
 
 48 B.R. 986, 992 (Bankr.S.D.N.Y.1985). Mr. Foster did not object to the bankruptcy court’s jurisdiction over the dispute between himself and BOC; the issue was not raised until Mr. Foster received an unfavorable judgment from the bankruptcy court and then filed an appeal.
 

 As to the merits of the case, the bankruptcy court found that Foster did not have the right to set off the money he owed on the loan to SIBC by the value he paid for the Certificates. The district court held that this finding was not clearly erroneous. A district court may not properly overturn a factual determination by a bankruptcy court unless the district court determines the findings to be clearly erroneous.
 
 Martin v. Bank of Germantown,
 
 761 F.2d 1163, 1165 (6th Cir.1985). Under the clearly erroneous standard, as long as the judge’s inferences are reasonable and supported by the evidence, they will not be overturned.
 
 Osborne v. Product Credit Ass’n. of River Falls, Wis.,
 
 42 B.R. 988, 995 (Bankr.W.D.Wis.1984). Pursuant to Fed.R.Civ.P. 52(a) this court must in turn use the same standard in reviewing the district court’s decision.
 
 See Knoxville Teachers Credit Union v. Parkey,
 
 790 F.2d 490, 491 (6th Cir.1986).
 

 After determining that SIBC’s loan to Foster of $470,000 was not a preferential
 
 *332
 
 transfer,
 
 [1]
 
 the bankruptcy court, and later the district court on appeal, focused on the issue of whether Foster was entitled to set off the matured value of the Certificates against the Note. The Code has recognized the possible injustice in requiring a creditor to file its claim for satisfaction in a bankruptcy court, while at the same time compelling the same creditor to pay in full its debt owed to the bankrupt estate. Section 553 of the Bankruptcy Code preserves the
 

 right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....
 

 11 U.S.C. § 553.
 

 The application of setoff, however, is permissive and lies within the equitable discretion of the trial court.
 
 I.R.S. v. Norton,
 
 717 F.2d 767, 772 (3d Cir.1983);
 
 In re Davies,
 
 27 B.R. 898, 901 (Bankr.E.D.N.Y.1983). The intent of the statute is clear that one creditor should not be unfairly favored over the class of creditors and, when justice dictates, setoff must be denied. According to the Code the right of setoff is limited and unavailable if:
 

 (3) the debt owed to the debtor by such creditor was incurred by such creditor—
 

 (A) after 90 days before the date of the filing of the petition;
 

 (B) while the debtor was insolvent; and
 

 (C) for the purpose of obtaining a right of setoff against the debtor.
 

 11 U.S.C. § 553(a)(3).
 

 Sections 553(a)(3)(A) and (B) are easily satisfied in this case and were not put into issue in this appeal. Section 553(a)(3)(C) is of prime consideration on appeal: it demands a subjective inquiry as to whether the “purpose” of Foster’s loan was to obtain a setoff for himself and, therefore, to improve his position among SIBC’s other creditors. The bankruptcy court rested its findings on the fact that Foster admitted in his Answer to the Complaint and the Intervening Complaint that “it was his intention upon maturity of the promissory note and the investment certificates to apply the proceeds of such investment certificates to the amount then payable to Southern Industrial Banking Corporation.” The bankruptcy court also found persuasive that the promissory note stated that Foster had a right of offset against his deposit accounts with SIBC.
 

 We conclude that it was not clearly erroneous to infer from the above facts, taking into account particularly the timing of the loan request and Mr. Foster’s sophistication in the banking business, that Mr. Foster purposely intended to set off the bank’s debt to him by arranging the loan from the bank.
 
 See Union Cartage Co. v. Dollar Savings & Trust Co.,
 
 38 B.R. 134, 138-40 (Bankr.N.D.Ohio 1984) (a finding that the creditor was aware of the debtor’s financial difficulties may support the conclusion that the creditor incurred the debt for the purpose of setoff).
 

 The judgment of the district court is AFFIRMED.
 

 [1]
 

 . The bankruptcy court found that the $470,000 transfer of SIBC’s property to Foster was not a preferential transfer under 11 U.S.C. § 547(b)(2) because the transfer was not "for or on account of an antecedent debt.” Because SIBC transferred the $470,000 to Foster in exchange for his promissory note (rather than in payment of SIBC’s antecedent debt under the Certificates), the transaction did not satisfy this element of § 547(b).