In re BN1 TELECOMMUNICATIONS, INC., Debtor.

BN1 Telecommunications, Inc., Plaintiff–Appellee,

v.

Larry D. Lomaz, Defendant–Appellant.

No. 99–8046.

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Argued Dec. 1, 1999 and Submitted on Supplemental Briefs Jan. 20, 2000.

Decided April 10, 2000.

E. Lee Wagoner, Jr., Cole Company, Akron, Ohio, argued and on brief, for Appellant.

Paula B. Christ, James A. Vollins, Squire, Sanders & Dempsey, Cleveland, Ohio, argued and on brief, for Appellee.

Before AUG, BROWN, and STOSBERG, Bankruptcy Appellate Panel Judges.

## OPINION

BROWN, Bankruptcy Judge.

The bankruptcy court entered an order granting the plaintiff's motion for default judgment against the defendants, including the Defendant–Appellant Larry D. Lomaz. Following that order, the bankruptcy court entered an order setting certain conditions, including posting of a bond, for Mr. Lomaz's relief of setting aside the default. It is from the latter order that Mr. Lomaz appeals; however, the purpose of the appeal is to seek relief from the default

judgment. Because the Panel concludes that the bankruptcy court's orders were not final orders within the jurisdiction of that court, this Bankruptcy Appellate Panel lacks subject matter jurisdiction over the appeal, and the appeal will be dismissed.

## I. ISSUE BEFORE THE PANEL

The issue presently before the Panel is whether the Debtor's adversary proceeding is a core proceeding within the purview of 28 U.S.C. § 157(b) thereby giving the Panel the jurisdiction to decide this appeal. The Panel raises this issue sua sponte.

## II. JURISDICTION

■ A bankruptcy appellate panel has jurisdiction to hear appeals from the bankruptcy court's "final judgments, orders, and decrees," as well as from certain interlocutory orders that are not relevant here. 28 U.S.C. § 158(a), (b). Unlike the district courts, which have identical bankruptcy appellate jurisdiction, 28 U.S.C. § 158(a), a bankruptcy appellate panel may not enter final orders upon the proposed findings of fact and conclusions of law of the bankruptcy court. Rather, such proposals are submitted to the appropriate district court for ultimate entry of final orders or judgments. 28 U.S.C. § 157(c)(1). In the latter event, final orders from the district court follow an appellate path to the circuit court of appeals, not to the bankruptcy appellate panel.

## III. FACTS

This adversary proceeding arises out of the Debtor's contractual agreements to provide telecommunication services to each of the defendants. Debtor BN1 Telecommunications, Inc. ("Debtor") initiated this proceeding against Fireworks of America, Ltd., Corp. ("Fireworks"), 900 America Co. Inc. ("900 America") and Larry D. Lomaz.[1] Count XIII of the complaint requests that the bankruptcy court pierce the corporate

---

1. Defendant Larry D. Lomaz is allegedly the sole owner and operator of defendants Fire-

works and 900 America, and he is the sole appellant.

veils and hold Mr. Lomaz personally liable for debts incurred by Fireworks and 900 America because of Mr. Lomaz's alleged control over those entities and because of his alleged attempts to deceive the Debtor. The complaint alleges that "[t]his adversary proceeding for turnover of estate property, breach of contract, money due on open account, quantum meruit and alter ego/piercing the corporate veil is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A), (E) and (O)."[2] (Complaint paragraph 5, Appendix of Lomaz, Exh. 2).

Although Mr. Lomaz apparently filed a pro se answer to the complaint on behalf of himself and the other defendants, the answer was filed in the Akron Municipal Court and not in the bankruptcy court where the adversary proceeding was pending. When neither Mr. Lomaz nor the other defendants appeared at a pretrial hearing in the bankruptcy court, the Debtor filed a motion for a default judgment. Mr. Lomaz again erroneously filed his response in opposition to the motion and an affidavit in support of his response in the Akron Municipal Court. With no answer to the complaint and no opposition to the Debtor's motion for a default judgment before it, the bankruptcy court granted a default judgment against the defendants in the amount of $95,316.67 on November 12, 1998.

Mr. Lomaz, still acting pro se, subsequently filed in bankruptcy court an answer to the complaint on behalf of all defendants and a response in opposition to the Debtor's motion for a default judgment. Paragraph 1 of the answer denies the allegations in all paragraphs of the complaint, including a denial of the Debtor's assertion that the adversary proceeding is a core proceeding.

Upon receipt of Mr. Lomaz's pleadings, the bankruptcy court elected to treat the filings as a motion to reconsider its order granting the Debtor's motion for a default judgment. Prior to a hearing on that "motion," Mr. Lomaz engaged the representation of counsel who filed, inter alia, a first amended answer on behalf of Mr. Lomaz. Paragraph 3 of the amended answer states: "Defendant admits the allegations in paragraphs 3, 4, and 5 [of the Complaint]," thus admitting the allegation that the adversary proceeding is a core proceeding. (First Amended Answer of Lomaz, Appendix of Lomaz, Exh. 6).

In a memorandum order the bankruptcy court determined that, "in light of the strong preference for trial on the merits," it would vacate the default judgment against Mr. Lomaz[3] conditioned upon Mr. Lomaz posting a bond securing the amount of the default judgment.[4] (Order Establishing Conditions for Court to Vacate Default Judgment, Appendix of Lomaz, Exh. 17). The bankruptcy court's order also states that "[t]his matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)."

Mr. Lomaz subsequently filed a motion for reconsideration of the court's order, asserting that the bankruptcy court lacked the authority to require him to post a bond as a condition to vacating the default judgment. After another hearing, the bankruptcy court denied Mr. Lomaz's motion. Again, the bankruptcy court's order deny-

---

**2.** 28 U.S.C. § 157(b)(2) states, in pertinent part:

> (2) Core proceedings include, but are not limited to—
>> (A) matters concerning the administration of the estate;
>>
>> \* \* \*
>>
>> (E) orders to turn over property of the estate;
>>
>> \* \* \*
>>
>> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the eq-

uity security holder relationship, except personal injury tort or wrongful death claims.

**3.** Apparently the default judgments entered against 900 America and Fireworks were not vacated.

**4.** Pursuant to the bankruptcy court's order Mr. Lomaz was also required to reimburse the Debtor for attorney fees and costs incurred in preparing the motion for default judgment and then defending Mr. Lomaz's attempt to set aside the default judgment.

ing the motion to reconsider states: "This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)." (Order Denying Motion to Reconsider, Appendix of Lomaz, Exh. 26). Mr. Lomaz now appeals the bankruptcy court's order denying his motion to reconsider the imposition of the condition of posting bond in order to have the default judgment set aside.

## IV. DISCUSSION

■ The Panel, like all federal courts, is obligated to determine its own subject matter jurisdiction. *Singleton v. Fifth Third Bank of Western Ohio (In re Singleton)*, 230 B.R. 533, 536 (6th Cir. BAP 1999) (citing *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir.1998)). Just as the Court of Appeals for the Sixth Circuit recently recognized that "[t]he existence of subject matter jurisdiction ... is an issue that may be raised at any time, by any party, or even sua sponte by the court itself," *Halbert v. Yousif (In re Yousif)*, 201 F.3d 774, 776 (6th Cir.2000) (quoting *Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.)*, 128 F.3d 449, 450 (6th Cir.1997)), this Panel raised the issue of jurisdiction in this appeal following the oral argument, at which point the Panel requested the parties to file supplemental briefs. We raised the issue because the adversary proceeding before the bankruptcy court did not appear to be fully or substantially a core proceeding under 28 U.S.C. § 157(b), thereby depriving the bankruptcy judge of subject matter jurisdiction to enter a final order of default, unless there was sufficient indicia that all of the parties consented to such a final order.

The Court of Appeals for the Sixth Circuit has previously noted that, in appropriate cases, the parties may have consented to subject matter jurisdiction, either expressly or impliedly, in the latter event by such things as substantial participation in the litigation without raising a jurisdictional issue. *Cain Partnership, Ltd. v. Pioneer Inv. Serv. Co. (In re Pioneer Inv. Serv. Co.)*, 946 F.2d 445, 449–50 (6th Cir. 1991). See also *DuVoisin v. Foster (In re Southern Indus. Banking Corp.)*, 809 F.2d 329, 331 (6th Cir.1987) (Defendant, who participated fully in a defense on the merits and who raised objection to jurisdiction for first time on appeal, had "consented to jurisdiction by acknowledging the jurisdiction of the bankruptcy court several times during the proceedings."). Although Mr. Lomaz's amended answer admitted the complaint's allegation of a core proceeding, a conclusion that this alone constituted a consent to the bankruptcy court's jurisdiction to enter a final order is defeated when the total facts and circumstances of this litigation are reviewed.

It would be easy to conclude that the underlying proceeding was within the bankruptcy court's broad subject matter jurisdiction as at least a related proceeding under 28 U.S.C. § 157(c)(1) and § 1334(b), but such a conclusion would not resolve the issue of whether this Bankruptcy Appellate Panel has appellate jurisdiction in this case.

■ The complaint seeks relief against multiple parties, Mr. Lomaz and corporations alleged to be under his direct control. The complaint alleges multiple causes of action, including turnover, damages from breach of contract, money due on open account, quantum meruit and alter ego or piercing of corporate veils. Each of the causes of action has a genesis in pre-bankruptcy contracts entered into between the Debtor and the defendants. The fact that the contracts were pre-bankruptcy and that the complaint was filed by the Debtor against defendants not in bankruptcy is the first cause for inquiry into whether this is a core proceeding. See *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The mere fact that a part or all of the account balances accrued after the Debtor filed its chapter 11 bankruptcy petition does not resolve that inquiry.

■ The complaint is in part an accounts receivable cause of action, and this

Panel does not decide whether such actions are sometimes, never or always core proceedings under 28 U.S.C. § 157(b)(2)'s nonexclusive list. There is an abundance of reported decisions with no clear consensus on that issue, the varying results typically being dependent upon the particular facts in each case. See, e.g., *Hughes–Bechtol, Inc. v. Constr. Management, Inc. (In re Hughes–Bechtol)*, 132 B.R. 339, 347 (Bankr.S.D.Ohio 1991) (cause of action requesting turnover of postpetition accounts receivable is core proceeding where contract involved significant and repeated postpetition transactions); *Nuckols and Assoc. Sec., Inc. v. Bouchard Transp. Co., Inc. (In re Nuckols and Assoc. Sec., Inc.)*, 109 B.R. 294, 296 (Bankr.S.D.Ohio 1989) ("while the collection of an ordinary course-of-business account receivable sounds in contract ... because of its intimate relationship to chapter 11 rehabilitation, [it must] be regarded as warranting a special status as a core matter"); *United Sec. & Communications, Inc. v. Rite Aid Corp. (In re United Sec. & Communications, Inc.)*, 93 B.R. 945, 957, 959 (Bankr.S.D.Ohio 1988) (the "better reasoned" view is that state-law, contract-type actions, which literally fall within the catch-all language of 28 U.S.C. § 157(b)(2)(A) and (O), are noncore, "related" proceedings); *Commercial Heat Treating of Dayton, Inc. v. Atlas Indus., Inc. (In re Commercial Heat Treating of Dayton, Inc.)*, 80 B.R. 880, 890 (Bankr.S.D.Ohio 1987) (action to collect prepetition account receivable subject to bonafide dispute is noncore proceeding).

All proceedings that mature "during the chapter 11 case do not of necessity become core." *Weeks v. Kramer (In re G. Weeks Sec., Inc.)*, 89 B.R. 697, 708 (Bankr. W.D.Tenn.1988) (emphasis added). Thus, the date of maturity of a cause of action or the date the debtor in possession decides to file the complaint does not determine necessarily that the action arose "in a case under title 11." 28 U.S.C. § 157(b)(1). It is sufficient in this case for the Panel to conclude that even if the accounts receivable causes of action were core, the proceeding was not totally core and the bankruptcy judge did not enter bifurcated orders, final in part and proposed in part. We cannot now pick and choose to hear a part of the orders as core; rather, the entire orders are the subject of this appeal.

■ The default judgment against Mr. Lomaz is based upon the bankruptcy court's agreement with the Debtor that Mr. Lomaz and the corporate defendants were alter egos and that piercing of all corporate veils was appropriate in order to place total liability upon the individual defendant. We cannot conclude that this basis for his liability was a core proceeding, as such a cause of action is not one "arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1); see *Michigan Employment Sec. Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1144 (6th Cir.1991). "[I]f the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of the bankruptcy, then it is not a core proceeding;" rather, it "may be related to the bankruptcy pursuant to sections 1334(b) and 157(c)." *Id.* (citing *In re Wood*, 825 F.2d 90, 97 (5th Cir.1987) (emphasis in original)).

■ "The court must look to both the form and the substance of the proceeding to determine whether core status exists." *Id.* (citing *In re Wood*, 825 F.2d at 97). Of particular significance in this case is the recognition that the Debtor is the plaintiff seeking veil piercing against nonbankruptcy defendants. Notwithstanding the realization that the "determination that a proceeding is not core proceeding shall not be made solely on the basis that its resolution may be affected by state law," 28 U.S.C. § 157(b)(3), this is a purely state-law cause of action that does not fall within the core of federal bankruptcy power. This is not a proceeding merely affected by state law; it is dictated by that law. See *J. Baranello & Sons, Inc. v. Baharestani (In re J. Baranello & Sons, Inc.)*, 149 B.R. 19 (Bankr.E.D.N.Y.1992)(chapter 11 debtor's

attempt to pierce corporate form was non-core proceeding and that proceeding was noncore under other factors found in § 157(b)(2)).

■ The bankruptcy court's bare statements that the proceeding below was core lack any analytical support. Although Mr. Lomaz's counsel filed an amended answer admitting the complaint's allegations of core, we cannot rely merely upon that pleading; rather, we must examine the totality of Mr. Lomaz's involvement in and consent to the proceedings before the bankruptcy court. Mr. Lomaz filed an original pro se answer that denied jurisdiction generally, and it would be difficult to conclude that Mr. Lomaz consented to the entry of a default against him. It is primarily the fact that the orders before us are default-based, rather than resulting from a trial on the merits, that forces our conclusion that adequate consent is lacking to the bankruptcy court's entry of a final order. Had Mr. Lomaz participated in a trial on the merits, his failure to dispute the nature of the proceeding would be compelling. Mr. Lomaz, however, is attempting to argue that he was deprived of an opportunity to present the merits of his defense, principally his defense that he is not liable for the debts of the corporate defendants.[5]

### V. CONCLUSION

Based upon the record before the Panel, we conclude that the proceeding subject of this appeal was not substantially nor totally a core proceeding under 28 U.S.C. § 157(b) and § 1334. We do not find adequate evidence of consent to the entry of a final order of default by the bankruptcy court in a proceeding merely related to the bankruptcy case. Our decision is not an indication of whether we agree or disagree with the bankruptcy court's entry of default or its conditions for vacating the default. We are simply not the correct court to determine those issues. The Bankrupt-

cy Appellate Panel, therefore, lacks subject matter jurisdiction to hear an appeal from what should have been proposed findings of fact and conclusions of law submitted to the United States District Court for the Northern District of Ohio, from which any appeal would lie in the Court of Appeals for the Sixth Circuit. This appeal is **DISMISSED** and the proceeding is **REMANDED** to the bankruptcy court for further proceedings consistent with this opinion. The bankruptcy court may determine whether it is appropriate to enter and transmit to the district court proposed findings and conclusions in support of a default judgment and its related vacation, or that court may determine whether sufficient consent exists upon remand for further proceedings in the bankruptcy court.

STOSBERG, Bankruptcy Judge, dissenting.

The question of whether a proceeding is core and under the bankruptcy court's broad grant of jurisdiction has historically produced a vast array of cases varying in result. For this reason, broad latitude should be given to the bankruptcy judge to determine whether a particular proceeding is core. The Supreme Court explained the broad grant of jurisdiction in bankruptcy cases in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 54, 102 S.Ct. 2858, 2862–63, 73 L.Ed.2d 598 (1982):

This jurisdictional grant empowers bankruptcy courts to entertain a wide variety of cases involving claims that may affect the property of the estate once a petition has been filed under Title 11. Included within the bankruptcy courts' jurisdiction are suits to recover accounts, controversies involving exempt property, actions to avoid transfers and payments as preferences or fraudulent conveyances, and causes of action owned by the debtor at the time of the petition

---

**5.** Mr. Lomaz asserts in his brief that the proof would establish his individual liability to be only $1,000, rather than the total liability of

all defendants of $95,316.67, the latter being the amount of the default judgment entered against him.

for bankruptcy. The bankruptcy courts can hear claims based on state law as well as those based on federal law.

In this case, the Debtor filed this adversary proceeding against the defendants to recover a receivable owed by the defendants on an unpaid account of the Debtor. Such a proceeding involves recovery of property of the estate and is core to the bankruptcy case in accordance with the Supreme Court's explanation of jurisdiction. *Northern Pipeline*, 458 U.S. at 54, 102 S.Ct. 2858.

Furthermore, the parties to this proceeding admitted jurisdiction and the bankruptcy court made a finding regarding the core nature of this proceeding. See *DuVoisin v. Foster (In re Southern Indus. Banking Corp.)*, 809 F.2d 329, 331 (6th Cir.1987) (Court of Appeals held that bankruptcy court had jurisdiction to decide "related" proceeding, emphasizing the "intention of Congress to extend a broad jurisdictional grant to the bankruptcy courts over all matters that arise in connection with bankruptcy cases." (Internal citation omitted)). To borrow a colloquial phrase used by the Sixth Circuit, "if something looks like a duck, walks like a duck, and quacks like a duck, then it is probably a duck." *Sorah v. Sorah (In re Sorah)*, 163 F.3d 397, 401 (6th Cir.1998). The "duck rule" clearly applies in this case. This action by the Debtor to collect an unpaid account looks like a core proceeding, all parties and the bankruptcy court treated it like a core proceeding, and therefore, it is a core proceeding.

The panel offers no justifiable reason to decline jurisdiction over this appeal other than engaging in an unnecessary academic analysis that offers little or no guidance to the trial court. For these reasons, I would affirm the decision of the bankruptcy court based on the record in this appeal.