ELECTRONIC CITATION:  2002 FED App. 0005P (6th Cir.)
File Name:  02b0005p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**


In re:  MARIE C. SCHOENLEIN,     )
            Debtor.     )
_____ )
     )
DANIEL J. SCHOENLEIN,     )
     )
        Plaintiff- Appellee,     )
     )
        v.     )     No. 02-8007
     )
OPTION ONE MORTGAGE CORPORATION,     )
     )
        Defendant-Appellant.     )
_____ )


Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division, at Columbus.
Case No. 01-53970, Adversary No. 01-2198.

Date Submitted on Briefs: May 6, 2002

Decided and Filed:  June 20, 2002

Before: BROWN, COOK, and HOWARD, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:**  David A. Freeburg, McFADDEN & ASSOCIATES, Cleveland, Ohio, for Appellant.  Michael T. Gunner, Hilliard, Ohio, for Appellee.

_____

**OPINION**

_____

WILLIAM HOUSTON BROWN, Bankruptcy Appellate Panel Judge. Option One Mortgage Corporation ("Option One") appeals the order of the bankruptcy court granting a default judgment to Daniel J. Schoenlein ("Appellee"), the non-debtor spouse of the Debtor. The Panel has determined that oral argument would not significantly aid the decisional process. Fed. R. Bankr. P. 8012. Option One contends that the bankruptcy court abused its discretion in granting a default judgment in favor of the Appellee and, although no motion to set aside the default appears in the record, that the bankruptcy court should have set aside the default. In addition, Option One claims that service of the complaint was improper and therefore violated due process.

Based upon the information presented in the briefs and appendices, the Panel holds that the bankruptcy court incorrectly concluded that service of process upon Option One was proper. Moreover, we conclude that the core jurisdiction of the bankruptcy court was never determined, placing into question its authority to enter a default judgment. Finally, we conclude that the court abused its discretion in entering a default judgment under the circumstances of this case. Accordingly, we **VACATE** the bankruptcy court's order granting the Appellee's motion for a default judgment and **REMAND** the proceeding.

## I. ISSUES ON APPEAL

The issues on appeal are whether the bankruptcy court abused its discretion in granting a default judgment and whether the bankruptcy court properly concluded that service of process was proper pursuant to Federal Rule of Bankruptcy Procedure 7004. Although not raised by the parties, the Panel sua sponte also questions whether the bankruptcy court had core jurisdiction over these parties and this proceeding. *BN1 Telecomm., Inc. v. Lomaz (In re BN1 Telecomm., Inc.),* 246 B.R. 845, 848 (B.A.P. 6th Cir. 2000) (absent consent, if the proceeding is not core, the bankruptcy court is deprived "of subject matter jurisdiction to enter a final order of default").

2

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. §158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). An order granting a motion for a default judgment is a final order. *See, e.g., MacPherson v. Johnson (In re MacPherson)*, 254 B.R. 302, 303 (B.A.P. 1st Cir. 2000) (default judgment is a final order)*; see also, Bavely v. Powell (In re Baskett)*, 219 B.R. 754, 757 (B.A.P. 6th Cir. 1998) (denying a motion to set aside a default judgment is a final order).

Appellate review of the granting of default judgments and the refusal to set aside such judgments is under the abuse of discretion standard. *In re Baskett*, 219 B.R. at 757. Our review of the bankruptcy court's jurisdiction, a question of law, is a de novo review.

## III. FACTS

The Appellee, who was not a debtor in the bankruptcy case, filed a complaint in his wife's bankruptcy case on July 16, 2001, challenging several creditors' claims against him, including the validity or extent of a mortgage interest claimed by Option One. This appeal concerns only the dispute between the Appellee and Option One. On July 20, 2001, the complaint was mailed by the Appellee by regular, first class mail to Option One in California, to the attention of the Legal Department, in care of John Stocker. John Stocker is a contract employee of Option One and had previously communicated with the Appellee regarding the mortgage. Due to what appears to have been a miscommunication between John Stocker and Deborah Jameson, the Assistant Vice President and counsel for Option One, Option One did not file a timely answer to the complaint, nor did it file a request for an extension of time to answer or otherwise respond to the complaint. Option One had turned the claim against it over to its title insurer, and Ms. Jameson expected that insurer to defend the adversary proceeding.

4

On August 24, 2001, the plaintiff filed for a default judgment.  For some unknown reason, the motion recited that Option One had "an extension to answer the complaint for 30 days from August 16, 2001."  Option One's answer to the original complaint and a motion to file its answer instanter was filed on September 24, 2001, which was approximately one week after the extension mentioned in the motion for default.

A default had not been entered by the clerk.  The bankruptcy court held a hearing on January 14, 2002 and concluded that Option One's failure to file an answer in a timely manner was more than a mere mistake and amounted to negligence.  The court held that this negligence was exacerbated when Option One allowed thirty days to pass after the motion for default was filed before it filed any response, but the court did not comment upon the answer being filed within one week of the extension mentioned by the plaintiff in his motion for default judgment.  Therefore, the bankruptcy court granted the default judgment, holding that Option One was not entitled to protection or relief from its own negligence.

## IV.  DISCUSSION

This case comes to the Bankruptcy Appellate Panel in an unusual posture.  Typically upon entry of a default judgment, appeals follow the trial court's refusal to set aside the default judgment.  *See* Federal Rule of Bankruptcy Procedure 7055, incorporating Federal Rule of Civil Procedure 55(c), which provides for setting aside such a judgment under Rule 60(b) standards.  A prior Panel has explained those standards and the application of excusable neglect under Rule 60(b), *In re Baskett,* 219 B.R. 754, and it is unnecessary for us to restate that opinion.  Although the parties here mix together in their arguments the concepts of abuse in entering a default judgment and refusing to set it aside, it was no doubt clear to Option One from the bankruptcy judge's oral ruling that a motion to set aside the default judgment would have been futile.  The judgment was entered by the bankruptcy judge after a hearing on the motion for default judgment, and that judgment is a final order for appeal purposes.  The trial court's action in entering a default judgment is a discretionary one, as indicated by the "may" language of Rule 55(b).  *See also,* Ahern & MacLean, Bankruptcy Procedure Manual,  § 7055.02 (2002 ed.).

5

Although no motion to set aside the default judgment is before the Panel, because of the record, including the trial court's oral ruling, we are able to evaluate whether a default judgment should have been entered, and we fail to see its justification. The trial courts are guided in this circuit by clear authority that "'[t]rials on the merits are favored in federal courts and a 'glaring abuse' of discretion is not required for reversal of a court's refusal to relieve a party of the harsh sanction of default.'" *In re Baskett,* 219 B.R. at 757 (quoting *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.,* 815 F.2d 391, 397-98 (6th Cir. 1987), *cert. denied,* 484 U.S. 927 (1987)); *see also, Shepard Claims Serv., Inc. v. William Darrah & Assocs.,* 796 F.2d 190, 193 (6th Cir. 1986) ("When the grant of a default judgment precludes consideration of the merits of a case, 'even a slight abuse [of discretion] may justify reversal.'") (citation omitted). Although much of the authority in this circuit is in the context of refusal to set aside a default judgment, the preference for trials on the merits versus default is equally applicable to the trial court's entry of a default judgment without sufficient cause.

The bankruptcy court was justifiably concerned about why Option One had not answered the complaint, but in its concern that court failed to mention that Option One had filed its answer almost four months before the final hearing on the default motion. Moreover, the court's oral ruling did not comment upon the facts that the plaintiff's default motion purported to give Option One an additional 30-day extension from August 16 to answer and that the answer was filed within one week of that extension. While only the bankruptcy court could have granted an extension of time to answer, the fact that the plaintiff's motion purported to give Option One such an extension bears on the overall question of whether the plaintiff was prejudiced by this slight delay in answering. In the context of the facts before us, the granting of the default judgment appears to be an overly harsh sanction, one granted solely upon a finding that Option One had been negligent in failing to timely answer. In the context of Rule 55(c), the Sixth Circuit has said that mere negligence is never enough to justify refusal to set aside a default. *Shepard Claims Serv., Inc.,* 796 F.2d at 194 (the defaulting party's failure must be willful, a higher standard than "careless and inexcusable"). The bankruptcy court's finding was limited to negligence, an insufficient standard to justify default.

Although upon remand Option One's answer may moot its current argument about insufficiency of service, in the context of whether the bankruptcy court was correct in entering a default we conclude that the bankruptcy court was incorrect in its determination that Option One had been properly served with the complaint and summons. Service of process in bankruptcy court is governed by Federal Rule of Bankruptcy Procedure 7004, which states in relevant part:

> (b) Service by First Class Mail. Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R. Civ. P., service may be made within the United States by first class mail postage prepaid as follows:
>
> . . . .
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed. R. Bankr. P. 7004.

Federal Rule of Civil Procedure 4(h) governs service upon corporations and associations and states in relevant part:

> (h) Service Upon Corporations and Associations. Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . . .

Fed. R. Civ. P. 4(h).

John Stocker, the party to whose attention the copy of the complaint and summons was addressed, is not an employee of Option One. He is also not an officer, managing or general agent, nor is he authorized to receive service of process on behalf of Option One. John Stocker is an independent contractor of Option One. Therefore, it is clear that there was no proper service of process pursuant to either Federal Rule of Bankruptcy Procedure 7004 or Federal Rule of Civil Procedure 4(h).

Federal Rule of Civil Procedure 4(e)(1) permits service of process "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Fed. R. Civ. P. 4(e)(1). Therefore, we examine Ohio law, because this is the location of the district court, if not also the state in which the service was effected.[1]

Ohio Rule of Civil Procedure 4.2(F) governs service of process upon corporations and states that service shall be made as follows:

> (F) Upon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation *by certified or express mail* at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation.

Ohio Rev. Code Ann. §4.2(F)(West 2002)(emphasis added).

Although Ohio law has a somewhat more lenient approach to effecting service upon a corporation, the Appellee has still failed to effect proper service pursuant to the state statute. As the above language indicates, service on a corporation in Ohio is proper by serving the corporation at its usual place of business via *certified or express mail*. The mail does not have to be specifically addressed to any officer or agent of the corporation. *Samson Sales, Inc. v. Honeywell, Inc.*, 421 N.E.2d 522 (Ohio 1981). However, the certificate of service attached to the original complaint shows that the Appellee served Option One via *regular, first class*, United States mail - not by certified or express mail as

---

[1] Because our conclusions are otherwise that the default judgment must be vacated, we will not pursue examination of the law of California, where service was arguably effected. Under that state's Code of Civil Procedure, service may be obtained upon authorized officers and agents of corporations by first class or air mail. Cal. Civ. P. §§ 415.39, 416.10 (West 2002).

required by the Ohio statute. Therefore, there was no proper service of process made upon Option One pursuant to Ohio law.

It may be that the bankruptcy court was evaluating service under an "apparent authority" analysis, without expressing it in those terms, but the parties did not address the service issue to us in those terms. There is authority in this circuit to argue an apparent authority of Mr. Stocker in this case, *Ford Motor Credit Co. v. Weaver,* 680 F.2d 451 (6th Cir. 1982), but it is unnecessary for the Panel to examine that aspect since the parties did not address it and since we otherwise find the default judgment inappropriate.

An additional reason, if not principal one, for our vacating the default judgment is our concern about the jurisdictional posture of this proceeding. The complaint was filed against several defendants by a plaintiff who was not the debtor in bankruptcy, seeking remedies that are not exclusively bankruptcy remedies. The complaint's jurisdictional paragraph 1 merely says the court has jurisdiction under 18 [presumably intended to be 28] U.S.C. §§ 157 and 1334, thus failing to comply with Bankruptcy Rule 7008(a)'s requirement that the complaint "contain a statement that the proceeding is core or non-core. . . ." We understand that bankruptcy courts are often deprived of an effective opportunity to determine whether a proceeding is core when the parties do not address that issue. The bankruptcy judge, nevertheless, has an independent obligation to determine if a proceeding is core. 28 U.S.C. § 157(c)(1). This obligation is highlighted in proceedings involving default scenarios.

Another Panel addressed such a scenario in *In re BN1 Telecomm., Inc.,* 246 B.R. 845, concluding that the bankruptcy court's failure to analyze whether the proceeding was core placed into question whether that court had appropriate jurisdiction over the proceeding to enter a final judgment of default. We need not re-examine that issue here; rather, it is enough to say that the nature of this proceeding, brought by a non-debtor plaintiff against non-debtor defendants and concerning non-bankruptcy issues, is sufficient to place into question whether the proceeding is core. Thus, that question alone reinforces our conclusion that the bankruptcy court abused its discretion, if it did not exceed its jurisdiction, in entering the default judgment. If a final conclusion were that the court lacked subject matter jurisdiction, absent consent, to enter the default judgment, the

judgment would be void. *See Antoine v. Atlas Turner, Inc.,* 66 F.3d 105,108 (6th Cir. 1995).

Finally, we note that the judgment may be deficient, if not void, due to the nature of the remedies sought in the complaint. The complaint seeks alternative remedies against Option One, either a determination that Option One's mortgage lien is invalid or that it is limited to the one-half interest owned by the plaintiff's spouse, who is the Debtor in bankruptcy. The default judgment merely says that judgment is entered "in favor of the Plaintiff, Daniel J. Schoenlein, and against the Defendant, Option One Mortgage Company." We do not know what the judgment means. Which alternative remedy does it grant? How would it be enforceable if it were valid? Since it is obvious that the real defending party is Option One's title insurer, we wonder what effect the judgment would have upon that insurer's liability. Such questions, in themselves, point to the ineffectiveness of the judgment.

We make no determination about the underlying merits of this proceeding, but do observe that Option One expresses a meritorious defense, one deserving of a judicial determination rather than a default for slight delay in answering the complaint.

Therefore, we **VACATE** the order granting a default judgment and **REMAND** this proceeding to the bankruptcy court to make a determination on whether this proceeding is core and, if not, whether the parties consent to the entry of a final judgment by the bankruptcy court. That decision will determine whether or how the bankruptcy court will consider the merits.

10